Opinion filed March 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00129-CV 

                                                    __________

 

             PYRAMID HEALTH CARE CORPORATION D/B/A ABILENE

CONVALESCENT CENTER, SENIOR LIVING PROPERTIES, L.L.C.,
AND WYVONNE ROYSDON, Appellants

 

V.

 

GUADALUPE ALMANZA, Appellee

 



 

On Appeal from the 259th District Court

 

Jones County, Texas

 

Trial Court Cause No. 20,713

 



 

M E M O R A N D U M   O P I N I O N

 








Guadalupe
Almanza sued Pyramid Health Care Corporation d/b/a Abilene Convalescent Center,
Senior Living Properties, L.L.C., and Wyvonne Roysdon for injuries received
while she was under appellants=
care.  After a bench trial, the district court entered judgment in favor of
Almanza.  The parties subsequently settled all issues and entered into an
agreed judgment.  The trial court accepted the agreed judgment in all but one
respect:  the trial court refused to vacate its prior sanction order. 
Appellants appeal the award to Almanza of $30,000 as sanctions for pretrial
discovery abuse.[1]

Appellants
present two issues for review.  In their first issue, appellants contend that
the trial court erred in awarding sanctions because Almanza waived any claim to
discovery sanctions because her motion was not ruled on until after trial.  We
agree.  

The
record in this case shows that, during the depositions of Almanza=s family members, Almanza=s attorney, Burt Burnett,
instructed the witnesses not to answer numerous questions.  Some of these
questions inquired about the witnesses=
contentions regarding what appellants did or failed to do with respect to
Almanza.[2]  Some asked,
not about contentions, but about specific facts known by the witnesses or
things observed by the witnesses with respect to Almanza and appellants= care of Almanza.  Other
questions concerned religious affiliation.  Tex.
R. Civ. P. 199.5(f) permits an attorney to instruct a witness not to
answer a deposition question Aonly
if necessary to preserve a privilege, comply with a court order or these rules,
protect a witness from an abusive question or one for which any answer would be
misleading, or secure a ruling pursuant to paragraph (g).@  Appellants suspended the
depositions pursuant to Tex. R. Civ. P.
199.5(g) in order to obtain a ruling from the judge on the various questions
that Burnett had instructed the witnesses not to answer.  Burnett suggested
that they call the trial court and obtain an immediate ruling by phone. 
Appellants declined to do so B
desiring instead to suspend the deposition, as authorized by Rule 199.5(g), to
obtain a transcript of all of the questions that Burnett instructed the
witnesses not to answer so that all of the relevant information would be before
the trial court for a ruling.  








Appellants
filed a motion to compel the deposition answers, and Almanza filed a motion for
sanctions.  In the motion for sanctions, Almanza contended that appellants
resisted and abused the discovery process by terminating the depositions,
refusing to depose the remaining Almanza family members, and refusing to
participate in a telephonic hearing.  The trial court held a hearing on the
sanctions issue and chided appellants for refusing to call the trial court to
obtain a ruling by phone. The trial court denied appellants= motion to compel but did
not rule on Almanza=s
motion for sanctions at that time.  Instead, as suggested by Burnett, the trial
court carried the sanctions issue through trial.  Subsequent to the trial on
the merits, the trial court granted Almanza=s
motion for sanctions and entered a letter ruling imposing sanctions against
appellants for Aresisting
discovery.@ 

As
stated by the Texas Supreme Court, A[T]he
failure to obtain a pretrial ruling on discovery disputes that exist before
commencement of trial constitutes a waiver of any claim for sanctions based on
that conduct.@  Remington
Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993); see also Meyer v.
Cathey, 167 S.W.3d 327, 332-33 (Tex. 2005).  The discovery disputes at
issue in this case existed and were revealed before commencement of the trial,
and Almanza was aware of the alleged discovery abuse prior to trial. 
Consequently, we hold that Almanza waived any claim to sanctions for the
alleged discovery abuse in this case by failing to obtain a ruling before the
trial commenced.  Appellants=
first issue is sustained.  Pursuant to Tex.
R. App. P. 47.1, we need not address appellants= second issue because their first issue is
dispositive of the appeal.  

The
trial court=s order
awarding sanctions to Almanza is reversed, and we render judgment that Almanza
take nothing on her claim for sanctions. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 13, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]A trial court is authorized to impose an appropriate
sanction when a party abuses the discovery process.  Tex. R. Civ. P. 215.3. 
The sanction imposed must be just under the circumstances.  Tex. R. Civ. P.  215.2(b); TransAmerican
Natural Gas Corp.v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).





[2]The record shows that Almanza was incapacitated,
suffering from Alzheimer=s and dementia, and could not be produced for a
deposition.  Therefore, appellants attempted to discover Almanza=s contentions through her family members.